JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SCOTT BORDIGNON
2130 EAST 8TH AVENUE
VANCOUVER, BC V5N 1V5

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* GRAHAM BAIRD
1500 JFK, STE 1240
PHILA, PA 19102  267.546.0131

**DEFENDANTS**
EASTERN UNIVERSITY
1300 Eagle Road
St. Davids, PA 19087

County of Residence of First Listed Defendant MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 42 U.S.C. § 2000e-1
Brief description of cause: EMPLOYMENT DISCRIMINATION

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ < 150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 9/14/16
SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

SEP 16 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

BORDIGNON : CIVIL ACTION
v. : 16    4971
EASTERN UNIVERSITY : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

9/15/16        GRAHAM BAIRD        SCOTT BORDIGNON
Date           Attorney-at-law     Attorney for

267.546.0131   215.923.5951        Grahamb@ericshore.com
Telephone      FAX Number          E-Mail Address

(Civ. 660) 10/02

SEP 16 2016

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2130 East 8TH Avenue, Vancouver, BC V5N 1V5

Address of Defendant: 1300 Eagle Road  St. Davids, PA 19087

Place of Accident, Incident or Transaction: Eastern U. St. Davids

16 4971

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                       Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/15/16   _____   92692
                Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)   SEP 16 2016



$406

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scott Bordignon<br>2130 East 8th Avenue<br>Vancouver, BC<br>V5N 1V5<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Eastern University<br>1300 Eagle Road<br>St. Davids, PA 19087<br><br>　　　　Defendants | JURY DEMANDED<br><br><br>No.<br><br>16    4971 |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.  Plaintiff, Scott Bordignon (hereinafter "Plaintiff") is an adult individual and Canadian citizen residing at the above address. Defendant is a citizen of British Columbia, Canada.

2.  Defendant, Eastern University (hereinafter "Defendant") is a non-profit corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address. Defendant is a citizen of Pennsylvania.

3.  Defendant qualifies as Plaintiff's "employer" pursuant to Title VII of the Civil Rights Act of 1964, the Immigration Reform and Control Act of 1986, and the Pennsylvania Human Relations Act ("PHRA").

4.  Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity

Commission and her dual filing certification with the Pennsylvania Human Relations Commission).

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Immigration Reform and Control Act of 1986, the Pennsylvania Human Relations Act, and applicable federal law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was attempting to secure employment with Defendant in the Eastern District of Pennsylvania at the time of the conduct giving rise to Plaintiff's claims as set forth herein.

## II. Operative Facts.

9. On or about June 5, 2015, Plaintiff applied for employment as an assistant athletic trainer with Defendant.

10. Plaintiff is a Canadian national and was employed for several years in the United States with permission. (A true and correct copy of Plaintiff's resume is attached hereto as Exhibit "B".) Plaintiff had applied for and received an H1-B visa.

11. During Plaintiff's initial interview, he explained his immigration status and the fact that he would require sponsorship from Defendant for the H1-B Visa.

12. Subsequent to the interview, Plaintiff was offered the assistant athletic trainer position and Plaintiff accepted.

13. Plaintiff immediately contacted the human resources department and discussed his Visa sponsorship.

14. Defendant, by and through its agents and employees, explained that Plaintiff should not be concerned and that there was no doubt the sponsorship for an H1-B Visa was being processed.

15. Plaintiff then relocated to Delaware County, Pennsylvania from Washington, D.C.

16. Immediately prior to the beginning of the Fall 2015 semester, Plaintiff was called into a meeting with the Human Resources Director to discuss his immigration status and the processing of the Visa paperwork.

17. The Human Resources Director then, for the first time, advised the Plaintiff that Defendant was not certain whether Defendant would be able to process or sponsor Plaintiff. HR explained that an H1-B Visa for a member of the faculty would be sponsored but not staff.

18. Defendant's HR Director inquired as to whether Plaintiff was teaching courses or whether he would qualify as adjunct faculty.

19. The Human Resources Director advised that were Plaintiff a member of the faculty, Defendant would sponsor the Visa, and she further advised that she would investigate the situation.

20. Plaintiff then discussed his immigration and citizenship issues with John Post, Head Athletic Trainer for Defendant and Nate Stewart, the Athletic Director for Defendant.

21. Plaintiff was reporting to Post and Stewart for his position.

22. Plaintiff explained to Post and Stewart that he was very concerned about his Visa status and needed sponsorship in order to remain in the United States and to work legally.

23. Plaintiff advised that he could pay for the attorneys fees and filing costs involved in the effort to obtain the Visa and even offered to have his wages garnished to cover any fees or costs associated with obtaining the Visa.

24. After approximately one month of discussing how to handle the sponsorship process, Plaintiff was fired.

25. Plaintiff would have been the only Canadian working at Eastern University.

26. Defendant's Vice-provost, Bettie Ann Brigham in discussing Defendant's decision to terminate Plaintiff stated "why would we go above and beyond for one person?"

27. There is nothing extraordinary or "above and beyond" about sponsorship of Mr. Bordignon's visa.

28. Plaintiff's visa expired and he now resides in Canada.

29. Defendants' primary motivations for terminating Plaintiff was the fact that he was Canadian and not a naturalized citizen.

30. Defendant hired a natural born citizen to replace Plaintiff as an assistant athletic trainer.

31. Immediately upon discovering Plaintiff's immigration status and national origin, Defendant was hostile to the sponsorship of Plaintiff's visa and ultimately terminated his employment without any legitimate reason.

32. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, costs incurred as a result of being forced to relocate and return to Canada as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE VII CLAIM—THE CIVIL RIGHTS ACT OF 1964**
**(42 U.S.C.A. § 2000e et seq)**

33.     Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34.     At all times material hereto, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,, an employer may not discriminate against an employee on the basis of national origin or immigration status.

35.     Plaintiff is a qualified employee and person within the definition of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,.

36.     Defendant is an "employer" and thereby subject to the strictures of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,.

37.     At all times material to her termination, Plaintiff is Canadian, as described above.

38.     Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of his national origin and immigration status and constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,.

39.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, forced relocation costs, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

40.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

41. Pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq, Plaintiff demands attorneys fees and court costs.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## (43 P.S. § 955 et seq)

42. Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

43. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee on the basis of immigration status or national origin.

44. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

45. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

46. At all times material to her termination, Plaintiff is Canadian subject to an H1-B work visa, as described above.

47. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his nationality and immigration status and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

48. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, forced relocation costs as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

49. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

50. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, Plaintiff demands attorneys fees and court costs.

## V. Relief Requested.

**WHEREFORE,** Plaintiff Scott Bordignon demands judgment in his favor and against Defendant, Eastern University in an amount not in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable..


LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Scott Bordignon

Date: 9/14/16

# EXH. A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Our Reference:     EEOC Charge No. 530-2016-00069
                           Scott Bordignon v. Eastern University

Mr. Scott Bordignon
126 W. Lancaster Ave, Unit 2
Wayne, PA 19087

Dear Mr. Bordignon:

This is with reference to your correspondence and subsequent communication with this office in which you alleged employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, by the above-named Respondent.

Review of the available evidence does not establish a violation of the statute(s). This does not certify that Respondent is in compliance with the statutes. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. For this reason, we will issue you a Dismissal and Notice of Rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

Should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above-referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure. Furthermore, please note that failure to receive requested documents in a timely manner does not extend the time period for filing a lawsuit.

       File Disclosure Unit
       EEOC-Philadelphia District Office
       801 Market St., Suite 1300
       Philadelphia, PA 19107

We regret that we could not be of further service to you in this matter.

                                               Sincerely,

6/20/16
_____
Date
                                               Michaela McGlynn
                                               Investigator

**CC:**     **Graham F. Baird, Esq.**
          **LAW OFFICES OF ERIC A. SHORE**
          **Two Penn Center**
          **1500 JFK Boulevard, Suite 1240**
          **Philadelphia, PA 19102**

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Scott Bordignon<br>126 W. Lancaster Avenue<br>Unit 2<br>Wayne, PA 19087 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-00069 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     6/20/16
Spencer H. Lewis, Jr.,             *(Date Mailed)*
District Director

Enclosures(s)

cc:
Craig D. Ginsburg            Graham F. Baird, Esq.
LEVIN LEGAL GROUP, P.C.     LAW OFFICES OF ERIC A. SHORE
1301 Mason Mill Business Park   Two Penn Center
1800 Byberry Road            1500 JFK Boulevard, Suite 1240
Huntingdon Valley, PA 19006    Philadelphia, PA 19102

# EXH. B

# Scott A. Bordignon, MS, ATC, CSCS
Phone: 610-908-9614
scottbordignon@gmail.com

| | |
|---|---|
| Current:<br>9 S Street NW,<br>Apt. B<br>Washington, DC 20001 | Permanent:<br>2130 East 8th Ave<br>Vancouver, B.C.,<br>V5N 1V5 |

**Education**   **Temple University,** Philadelphia, PA
*Master of Science: Athletic Training, May 2013*
*Research project: Evaluating the Clinical Dynamic Visual Acuity Test*
*in a Young, Healthy Population*

**Eastern University,** St. David's, PA
*Bachelor of Arts: Athletic Training, May 2011*

**Cabrini College,** Radnor, PA
*Bachelor of Science: Exercise Science and Health Promotion, May 2008*

## Clinical Experience:
**Marymount University,** Arlington, VA
Head Athletic Trainer                                        August, 2014 – Present
- Responsible for 17 varsity sports
- Managing two assistant athletic trainers, three student athletic trainers, & four student workers
- Managing all Sports Medicine driven programs – Drug Testing, MD/DO appointments
- Responsible for the Sports Medicine budget as well as all Sports Medicine orders
- Developing relationships with allied health care professionals (e.g. physical therapist, representatives, etc.)
- Responsible for research and discussion for new Electronic Medical Records software
- Develop new policies for Student Health Center and relationship between SHC and Athletic Training
- Preceptor for George Mason University's Athletic Training Education Program

Assistant Athletic Trainer                                   August, 2013 – July 2014
- Responsible for men's soccer, basketball, & lacrosse
- Institutional drug testing chairperson and coordinator
- Coordinator for MD/DO coverage and Doctor's Hours, as well as athlete referrals to specialists
- Preceptor for George Mason University's Athletic Training Education Program

**Temple University,** Philadelphia, PA                      August, 2011 – June 2013
- Graduate assistant athletic trainer responsible for men's & women's gymnastics including coordination of all care for entire gymnastics program including acute and medical care, rehabilitation & treatments
- Organizational skills in documentation and office administration and insurance processing
- Preceptor for Temple University undergraduate athletic training education program
- Graduate athletic trainer working with football training camp (2011)

**Philadelphia Wings,** Philadelphia, PA                     January 2009 – April 2011
- Volunteer athletic training student with Philadelphia's professional indoor lacrosse team.
- Responsible for practice and game set up, tapings, and treatments.

**Kansas City Chiefs,** Kansas City, MO                      July 2010 – September 2010
- Summer training camp intern assisting with rehabilitation program, treatment sessions, pre practice and game preparation and set up, and assisting with all other athletic training duties.
- Responsible for mouth guard making and maintenance of mouth guard kit for all athletes.

**Student Experience:**
| | |
|---|---|
| **Eastern University,** St. David's, PA | January 2011 – May 2012 |
| **Bryn Mawr College,** Bryn Mawr, PA | September 2010 – December 2010 |
| **Haverford College,** Haverford, PA | January 2010 – May 2010 |
| **Valley Forge Military Academy & College**, Radnor, PA | January 2010 – May 2010 |
| **Villanova University,** Villanova, PA | August 2009 – December 2009 |
| **North Penn High School,** Lansdale, PA | January 2009 – May 2009 |
| **Malvern Preparatory School**, Malvern, PA | August, 2008 – December, 2008 |

## Certifications

NATABOC #2000006599
Certified Athletic Trainer – National Athletic Trainers Association #39840
Licensed Athletic Trainer – Virginia State #0126002133
NPI # 1477973360
Certified Strength and Conditioning Specialist – National Strength & Conditioning Association
American Heart Association CPR/AED for the Healthcare Provider
OSHA Bloodborne Pathogen Standard Training

## References

**Chelsie Morehead** — Phone: 209-914-4276
Assistant Athletic Trainer — chelsiemorehead@yahoo.com
Temple University
Philadelphia, PA

**Blair Becker** — Phone 206-734-7992
Sports Medicine Fellow — blair.becker@gmail.com
Fairfax Family Practice
Fairfax, VA

**Debra Warren** — Phone: 205-535-0374
Athletic Director — dspbwarren@gmail.com
Marymount University
Arlington, VA

**Jimmy Ntelekos** — Phone: 913-523-5917
First Assistant Athletic Trainer — jntelekos@gmail.com
Kansas City Chiefs
Kansas City, MO

**Doug Horton** — Phone: 484-919-1665
Clinical Coordinator — dhorton@eastern.edu
Eastern University
St. David's, PA