IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BORDIGNON | : | CIVIL ACTION |
| | : | NO. 16-4971 |
| v. | : | |
| | : | |
| EASTERN UNIVERSITY | : | |

O'NEILL, J.                                                                           April 26, 2017

## MEMORANDUM

Plaintiff Scott Bordignon brings a claim for promissory estoppel against defendant Eastern University, Am. Compl., Dkt. No. 10, alleging defendant hired him knowing he was a Canadian national and promised to sponsor his H1-B visa application, only to decline to sponsor his visa and subsequently fire him immediately after he had relocated to Pennsylvania from Washington, D.C. and stopped pursuing other job opportunities.  Id.  I have before me defendant's motion to dismiss, Dkt. No. 11, plaintiff's response, Dkt. No. 12, and defendant's reply, Dkt. No. 13.  For the following reasons, I will deny defendant's motion.

## BACKGROUND

Plaintiff, a Canadian national, applied to be an assistant athletic trainer at Eastern University.  Am. Compl. ¶ 9.  During his interview, he explained that he would need sponsorship for an H1-B Visa.  Id. ¶ 11.  Plaintiff alleges that "Defendant, by and through its employees, advised Plaintiff that his H1-B Visa would be sponsored and that he should not be concerned." Id. ¶ 12.  He was later offered the job by John Post, an Eastern University professor, and he accepted.  Id. ¶ 13.

While discussing the position and his potential start date with Post, plaintiff inquired about the status of his H1-B visa sponsorship and alleges he was told that "everything would be taken care of."  Id. ¶¶ 15, 16.  He alleges he was later again told by unnamed "agents and employees" that he should not be concerned and that there was no doubt the sponsorship was

being processed.  Id. ¶ 19.  Plaintiff then moved from Washington, D.C. to Delaware County,

Pennsylvania and stopped applying to and interviewing for other jobs.  Id. ¶¶ 21–22.

Immediately prior to the start of the fall semester, the Eastern University human

resources director told plaintiff that the University only sponsored H1-B visas for faculty, not

staff.  Id. ¶ 24–26.  Plaintiff offered to pay for any attorneys' fees and filing costs involved in the

effort to obtain the visa.  Id. ¶ 30.  After discussing the visa process for approximately one

month, Eastern University fired plaintiff.  Id. ¶ 31.  Plaintiff has since returned to Canada.  Id. ¶

35.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action

for "failure to state a claim upon which relief can be granted."  Typically, "a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though

plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise

a right to relief above the speculative level . . . on the assumption that all of the allegations in the

complaint are true (even if doubtful in fact)."  Id. (citations omitted).  This "simply calls for

enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the

necessary element.  Id. at 556.  The Court of Appeals has made clear that after Ashcroft v. Iqbal,

556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to

dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out

'sufficient factual matter' to show that the claim is facially plausible."  Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.  The Court also set

forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a "plausible
> claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679.  The Court explained, "a complaint must do more

than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement

with its facts."  Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled

to relief.'"  Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

**I.      Jurisdiction**

Plaintiff filed his first complaint in this court alleging discrimination in violation of

federal laws and asserting federal question jurisdiction.  Dkt. No. 1.  I dismissed that complaint

for failure to state a claim but granted plaintiff leave to file an amended complaint.  Dkt. No. 8.

Plaintiff now brings a state claim for promissory estoppel.   Defendant challenges jurisdiction,

arguing that this court cannot exercise supplemental jurisdiction over plaintiff's claim because

plaintiff's federal claim was dismissed.  Dkt. No. 11 at p. 12–15.  However, plaintiff does not

contend the court has supplemental jurisdiction over this claim, but rather alleges his claim rests

in the court's diversity jurisdiction under 28 U.S.C. § 1332(a).  See Am. Compl. ¶ 6.  Because

defendant's motion does not show that the parties have the same citizenship[1] or that it appears "to a legal certainty [that] the claim is really for less than" $75,000, defendant has not shown that this court lacks jurisdiction over plaintiff's claim. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); see also Golden v. Golden, 382 F.3d 348, 354–55 (3d Cir. 2004) (explaining that, when a plaintiff brings a claim under diversity jurisdiction, "[t]he amount need not be proven; rather, the amount is judged from the face of the complaint and is generally established by a good faith allegation").

## II.  Promissory Estoppel

To establish a claim for promissory estoppel, plaintiff must show that Eastern University "made a promise that [it] should have reasonably expected would induce action or forbearance on the part of [plaintiff], [and plaintiff] actually took action or refrained from taking action in reliance on the promise," resulting in injustice. Shoemaker v. Commonwealth Bank, 700 A.2d 1003, 1006 (Pa. 1997), citing Restatement (Second) of Contracts § 90 (1979). Because he brings this claim in the employment context, plaintiff must overcome Pennsylvania's "at-will" presumption by alleging that he provided additional consideration for his employment. Cashdollar v. Mercy Hosp. of Pittsburgh, 595 A.2d 70, 73 (Pa. Super. Ct. 1991). Here, although plaintiff's complaint lacks certain relevant details, I find that he has alleged sufficient facts to overcome Pennsylvania's at-will presumption and therefore states a claim for promissory estoppel.

---

[1]  Under 28 U.S.C. § 1332, diversity of citizenship is satisfied where the suit is between "citizens of a State and citizens or subjects of a foreign state, except" where the foreign citizen is lawfully admitted for permanent residence and domiciled in the same state as the other party. "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 569-70 (2004). As plaintiff is now domiciled in Canada and defendant is a Pennsylvania entity, diversity of citizenship is met.

Under Pennsylvania law, there is a presumption that an employment contract is terminable at-will. Greene v. Oliver Realty, Inc., 526 A.2d 1192, 1201 (Pa. Super. Ct. 1987). This at-will presumption is only overcome where "the parties intended to contract for a definite period." Id. at 551; see also Pipkin v. Pa. State Police, 693 A.2d 190, 191 (1997) (explaining that employees under Pennsylvania law "are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason"), quoting Stumpp v. Stroudsburg Mun. Auth., 658 A.2d 333, 335 (Pa. 1995). "The doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with [or] without cause, and [Pennsylvania] law does not prohibit firing an employee for relying on an employer's promise." Paul v. Lankenau Hosp., 569 A.2d 346, 348 (Pa. 1990); see also id. ("[A]s a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship."), quoting Clay v. Advanced Computer Applications, 559 A.2d 917, 918 (Pa. 1989).

However, "[t]he presumption of at-will employment may be overcome by a showing that the employee provided additional consideration to the employer and that termination of employment would result in great hardship or loss to the party known to both employer and employee when the contract was made." Permenter v. Crown Cork & Seal, Co., 38 F. Supp. 2d 372, 379 (E.D. Pa. 1999), citing Darlington v. Gen. Elec., 504 A.2d 306, 314 (Pa. Super. Ct. 1986). An employee's provision of additional consideration "tends to show that the parties intended to overcome the employment-at-will presumption." Shaffer v. BNP/Cooper Neff, No. 98-71, 1998 U.S. Dist. LEXIS 14013, at *17 (E.D. Pa. Sep. 4, 1998), citing Scott v. Extracorporeal, Inc., 545 A.2d 334, 336 (Pa. Super. 1988). Upon such showing, "the employer is estopped from terminating employment for a reasonable length of time." Shaffer, 1998 U.S Dist.

LEXIS at *18, citing Marsh v. Boyle, 530 A.2d 491, 494 (Pa. Super. Ct. 1986); Veno v. Meredith, 515 A.2d 571, 577 (Pa. Super. Ct. 1986).

"[A] court will find 'additional consideration' when an employee affords his employer a substantial benefit other than the services which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform." Cashdollar, 595 A.2d at 73. Substantial hardship might include relocating, selling a home or abandoning other job opportunities. Permenter, 38 F. Supp. 2d at 379, citing Shaffer, 1998 U.S. Dist. LEXIS 14013, *18–21 (E.D. Pa. Sept. 4, 1998) (collecting cases); see e.g., News Printing, Inc. v. Roundy, 597 A.2d 662, 664–65 (Pa. Super. Ct. 1991) (holding that there was sufficient evidence to support a jury finding that the additional consideration overcame the at-will presumption where employee quit his job, turned down another offer and relocated his family from Massachusetts to Pennsylvania); Cashdollar, 595 A.2d at 73–74 (holding that evidence that employee sold his home in Virginia to move to Pennsylvania, uprooted his family and quit a lucrative job was sufficient to support jury verdict that this consideration overcame the at-will presumption).[2]

Plaintiff alleges facts showing the elements of a promissory estoppel claim in the

---

[2] In his brief, plaintiff does not argue promissory estoppel based on Eastern University's promise to sponsor his H1-B visa, rather than on its promise to employ him. However, I note that, under Pennsylvania law, an understanding that an applicant is qualified for a position and that the employer will take certain necessary preliminary steps on the employee's behalf in order that the employee may start work can serve as the grounds for a promissory estoppel claim where the employer fails to take these steps. Travers v. Cameron Cnty. Sch. Dist., 544 A.2d 547, 551 (Pa. Commw. Ct. 1988). In such a case, the understanding is separate from the employment agreement and is not subject to the at-will presumption. Arasi v. Neema Med. Servs., 595 A.2d 1205, 1209 (Pa. Super. Ct. 1991); see also Fang Tian v. Newmont Int'l Servs., No. 12-2515, 2014 U.S. Dist. LEXIS 132375 at *33–38 (D. Colo. Sept. 18, 2014) (applying Colorado law and the Restatement (Second) of Contracts § 90, and holding that the plaintiff had provided sufficient evidence to survive a motion for summary judgment on her claim for promissory estoppel based on the defendant's failure to sponsor an H1-B Visa).

employment context. He asserts that Eastern University promised to hire him and sponsor his visa. His complaint shows that Eastern University should reasonably have expected that this would induce plaintiff to relocate and cease seeking other employment. Am. Compl. ¶¶ 9, 11–20. Next, he contends he gave additional consideration other than the services he was hired to perform when he moved from Washington, D.C. to Delaware County, Pennsylvania and stopped applying for other jobs. Id. ¶¶ 21–22. Finally, he avers that Eastern University did not employ him for a reasonable time because he was terminated approximately one month after relocating and either immediately prior to, or right after, the start of the academic semester. Id. ¶¶ 23, 31.

It is true that plaintiff's complaint lacks certain details. First, he does not allege who initially promised him that defendant would sponsor his visa, but merely alleges that Eastern University made this promise "by and through its employees." Id. at ¶ 12. Second, he does not describe the hardship he suffered in reliance on defendant's promise—e.g., whether he sold a home or terminated a lease, incurred significant moving expenses, or lost the opportunity to pursue other job opportunities. Third, he does not explicitly allege that defendant affirmatively declined to pursue his visa sponsorship, but only suggests as much by explaining that he was fired "[a]fter approximately one month of discussing how to handle the Visa sponsorship process." Id. ¶ 31. Fourth, despite my dismissal of his original complaint alleging discrimination, plaintiff persists in alleging, irrelevantly, that he "would have been the only Canadian working at Eastern University." Id. ¶ 32. Because of these deficiencies, plaintiff's amended complaint is not exemplary under the standards described in Twombly and Iqbal. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678.

However, because plaintiff makes other, more specific allegations, I find that he has stated a claim for promissory estoppel. He alleges that Professor John Post promised him his

visa would be sponsored, Am. Compl. ¶¶ 14–19, and the amended complaint suggests (although it does not specifically allege) that Post was acting as defendant's agent.  Id.  He also alleges he was terminated around the beginning of the academic semester, from which one could infer that he was put at a disadvantage for pursuing other academic positions.  Id. ¶ 23.  I find that these allegations are enough to allow plaintiff's claim to proceed to discovery.

## III.    Damages

As both parties now agree, plaintiff is limited to recovering reliance damages on his promissory estoppel claim.  Lobolito, Inc. v. N. Pocono Sch. Dist., 755 A.2d 1287, 1292 n.10 (Pa. 2000), citing Banas v. Matthews Int'l Corp., 502 A.2d 637, 648 n.12 (1985) (explaining that, under promissory estoppel a promisee's recovery is ordinarily "limited to recovery of the amounts lost and expended in reliance on the promise"); Def.'s Br. (Dkt. No. 11) at p. 10–12; Pl.'s Br. (Dkt. No. 12) at p. 10 ("Plaintiff should be able to recoup the reliance damages and economic loss he sustained based upon his reasonable reliance on the statements of the Defendant.").  "Unless there is unjust enrichment of the promisor, damages should not put the promisee in a better position than performance of the promise would have put him."  Travers, 544 A.2d at 551 n.5, quoting Restatement (Second) of Contracts § 90.  Accordingly, I will strike plaintiff's request for punitive damages.

I will also strike plaintiff's request for "[c]ompensatory damages" for "mental and emotional distress, pain and suffering."  Am. Compl. ¶ IV.A.   "[D]amages for emotional disturbance are not ordinarily allowed in breach of contract cases."  Rodgers v. Nationwide Mut. Ins. Co., 496 A.2d 811, 815 (Pa. Super. Ct. 1985).  The two exceptions are cases where "emotional distress is accompanied by bodily harm" and "the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result."  Id.  Because neither

exception applies here, plaintiff cannot recover for mental and emotional distress, pain and suffering.

An appropriate Order follows.